# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | : | |
| | | Case No. 3:03CR141 |
| Plaintiff, | : | 3:06CV012 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| JOHN H. MAGUIRE, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner, John H. Maguire brings this Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 148). The Motion is before the Court for initial review pursuant to Rule 4 of the Rules governing § 2255 cases.

In his motion, Petitioner seeks to raise issues regarding ineffective assistance of trial counsel. However, the record is clear that Petitioner has not yet been sentenced. As such, the filing of the instant motion is premature.

This is so because it is well-settled that a district court is precluded from considering a §2255 application for relief until a sentence has been imposed and during the pendency of a direct appeal. *Capaldi v. Pontesso*, 135 F. 3d 1122 (6th Cir. 1998), citing *United States v.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Gordon*, 634 F. 2d 638 (1st Cir.1980). In the instant case Petitioner has not yet been sentenced and therefore there is simply no basis for his present § 2255 Motion.

The rule is designed to ensure the orderly administration of justice and preserve judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2d § 597, at 483.

Because the Motion shows on its face that it is premature, it should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and a certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 148) be dismissed;

2. That a certificate of appealibility not issue; and,

3. The case be terminated on the docket of this Court.

January 18, 2006

                 s/ Sharon L. Ovington
                 Sharon L. Ovington
                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).